UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON EUGENE HUNTER,<br>Plaintiff,<br>v.<br>SACRAMENTO COUNTY, *et al.*,<br>Defendants. | Case No. 2:26-cv-1250-DAD-JDP (P)<br><br>ORDER |

Plaintiff, a detainee in the Sacramento County Jail, brings this action and alleges multiple, separate violations of his rights against numerous defendants. The complaint is deficient because multiple, unrelated claims against more than one defendant belong in separate lawsuits. I will dismiss the complaint with leave to amend so that plaintiff may file a complaint that contains only related claims. Additionally, I will grant his application to proceed *in forma pauperis*, ECF No. 2.

Screening Order

I. Screening Standards

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Analysis

Plaintiff's complaint contains at least two separate claims against more than twenty defendants. First, he alleges that Sacramento County and an indeterminate number of social workers, elder care providers, and even a cigarette manufacturer, bear responsibility for his mother's death. ECF No. 1 at 7-10. Some of these claims, like the ones levied at Newport Tobacco Company for making an addictive product, are almost certainly frivolous. *Id.* at 8. And it is not clear what provision of federal law, if any, plaintiff is pursuing any of the claims regarding his mother's mistreatment under. Finally, to the extent these claims are premised entirely on state law, it is unclear if plaintiff has standing to sue. *See Stoddard-Nunez v. City of*

*Hayward*, No. 13-cv-04490-KAW, 2015 U.S. Dist. LEXIS 152830, *9 (N.D. Cal. Nov. 10, 2015) ("A plaintiff who brings a wrongful death claim must plead and prove standing, which is governed by California Code of Civil Procedure section 377.60.").

Separately, plaintiff alleges that, after his mother's death, deputies at the Sacramento County Jail failed to keep him on suicide watch despite his deteriorating mental state. ECF No. 1 at 10-11. He also claims that they ignored his warnings that he was harming or determined to harm himself. *Id.* at 11.

In what appears to be a third unrelated claim, plaintiff alleges that a deputy named Gonzalez used excessive force against him and caused injuries to his nose, neck, and back. *Id.* at 12.

Multiple, unrelated claims against more than one defendant belong in separate suits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Whether numerous defendants harmed or inadequately cared for plaintiff's mother before her death is factually and legally unrelated to plaintiff's claim that deputies violated his rights in the Sacramento County Jail. Plaintiff's complaint is dismissed with leave to amend so that he may address this deficiency. Within thirty days of this order's entry, he must submit an amended complaint or a notice of voluntary dismissal. He is advised that an amended complaint will entirely supersede the original complaint, should be filed on the form included with this order, should contain only related claims, and be titled "First Amended Complaint."

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.

Dated: July 28, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE